**1:CV 01-0168**

CLOSED

U.S. District Court
Southern District of New York - Civil Database (Foley Square)

CIVIL DOCKET FOR CASE #: 01-CV-395

Turpin v. I.N.S.  Filed: 01/18/01
Assigned to: Chief Judge Michael B. Mukasey
Demand: $0,000  Nature of Suit: 530
Lead Docket: None  Jurisdiction: US Defendant
Dkt# in other court: None

Cause: 28:2241 Petition for Writ of Habeas Corpus (Federal)

FILED
HARRISBU
JAN 2 6 20
MARY E. D'ANDREA,
Per_____
DEPUTY CLER

PAUL TURPIN
    petitioner

Paul Turpin
[COR LD NTC] [PRO SE]
Pike County Jail
H.C. 8
Box 8601
Hawley, PA 18428

A TRUE COPY
JAMES N. PARKISON, Clerk

By_____
Deputy Clerk

  v.

IMMIGRATION AND NATURALIZATION
SERVICE
    respondent

Proceedings include all events.
1:01cv395 Turpin v. I.N.S.                                          CLOSED

PAUL TURPIN

       petitioner

  v.

IMMIGRATION AND NATURALIZATION SERVICE

       respondent

Proceedings include all events.
1:01cv395 Turpin v. I.N.S.                                              CLOSED

| | | |
|---|---|---|
| 1/18/01 | 1 | PETITION for writ of habeas corpus pursuant to 28 USC 2241. . (bm) [Entry date 01/25/01] |
| 1/18/01 | -- | Magistrate Judge Kevin N. Fox is so Designated. (bm) [Entry date 01/25/01] |
| 1/18/01 | 2 | ORDER, transferring case to the the Middle District of Pennsylvania, Furthermore, it is ordered that petitioner's removal or deportation is hereby stayed until further order of the United States District Court for the Middle District of Pennsylvania., The Clerk of the Court is directed to serve a copy of this order and the underlying petition on the United States Attorney for the Middle District of Pennsylvania who is further ordered to inform the INS forthwith of the stay of this removal. For good cause shown, the Government may move to vacate this stay. That provision of Rule 83.1 of the Local Rules of the Southern District of New York which requires a five day delay is waived . ( signed by Chief Judge Michael B. Mukasey ); Copies mailed. Sent copy of order and petition to the U.S. Attorney's Office, MDPA by certified mail, ret. rec. req. #Z311703106. (bm) [Entry date 01/25/01] |
| 1/18/01 | -- | Interdistrict transfer to the Middle District of Pennsylvania. Sent original file along with a certified copy of the docket sheet and transfer order via Federal Express AIRBILL # 821640446390 on 1/25/01. (bm) [Entry date 01/25/01] |

**JUDGE MUKASEY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
PAUL TURPIN,

                Petitioner,

  -against-                         **TRANSFER ORDER**

Immigration and Naturalization Service,

                Respondent.
------------------------------------------------------X

       Petitioner, presently detained at Pike County Jail in Pennsylvania, brings this petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks to be released from the custody of the Immigration and Naturalization Service ("INS"). For the following reason, this petition is hereby transferred to the United States District Court for the Middle District of Pennsylvania.

       It is well-settled that in order to entertain a habeas corpus petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973) (a writ of habeas corpus is directed to the custodian of a detainee); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994); Carvajales-Cepeda v. Meissner, 966 F.Supp. 207, 208 (S.D.N.Y. 1997); Michael v. INS, 870 F.Supp. 44 (S.D.N.Y. 1994). Here, petitioner is not presently a resident of New York. Rather, he is presently detained by the INS at Pike County Jail. It therefore appears that petitioner's custodian is Charles W. Zemski, the Acting INS District Director for Pennsylvania. See Carvajales-Cepeda, 966 F.Supp. at 208. Thus, habeas venue lies in the United States District Court for the Middle District of Pennsylvania. 28 U.S.C. §§ 118(b), 1406(a).

1

Accordingly, in the interest of justice, the Clerk of this Court shall transfer this case to the United States District Court for the Middle District of Pennsylvania. Furthermore, it is ordered that petitioner's removal or deportation is hereby stayed until further order by the United States District Court for the Middle District of Pennsylvania. The Clerk of Court is directed to serve a copy of the order and the underlying petition on the United States Attorney for the Middle District of Pennsylvania who is further ordered to inform the INS forthwith of the stay of removal. For good cause shown, the Government may move to vacate this stay. That provision of Rule 83.1 of the Local Rules of the Southern District of New York which requires a five day delay is waived.

SO ORDERED:

_____
MICHAEL B. MUKASEY
Chief Judge

JAN 1 8 2001
Dated: New York, New York


**Copies Sent to:**

Paul Turpin
Pike County Jail
H.C 8 Box 8601
Hawley, PA 18428

David M. Barasch, United States Attorney
Middle District of Pennsylvania
Ste. 217, Fed. Bldg
228 Walnut Street
Harrisburg, PA 17108-1754

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE MUKASEY**

Turpin, Paul

Full name and prison number (if any) of petitioner

**01 CIV. 0395**

vs.

Case No.

Clerk to supply

Name of Respondent

Immigration and Naturalization Service:

28 USC § 2241

PETITION FOR WRIT OF HABEAS CORPUS
BY PERSON IN FEDERAL CUSTODY

INSTRUCTIONS -- READ VERY CAREFULLY

    To be considered by the District Court, this petition must be in writing, legibly handwritten (in English) or typewritten, attested to by the petitioner. Answers to each applicable question must be concise. If the space is too small for the answer to a particular question, finish it on the reverse side of the page or insert an additional blank page, making clear to which question the continuing answer refers.

    Every petition for habeas corpus must be attested to. A false statement of material fact in the petition may be made the basis of prosecution and conviction for perjury. Petitioners should take care that their answers are true and correct.

    If the petition is taken in forma pauperis, it shall include an affidavit (attached at the back of the form) setting forth information that will establish whether petitioner will be unable to pay the fees and costs of the habeas corpus proceedings.

    When the petition is completed, the <u>original and two copies</u> shall be mailed to the Clerk of the District Court for the Southern District of New York.



RECEIVED
DEC - 1 2000
PRO SE OFFICE

1. Place of detention <u>Pike County Jail: HC 8 Box 8601 Hawley,PA.18428</u>

2. Name and location of court which imposed sentence <u>Ulster County Corr. Fac. Box 800 Berme Rd. Napanoch,NY.12458</u>

3. The indictment number or numbers (if known) upon which and the offense or offenses for which sentence was imposed:

    (a) <u>A#-12-355-636</u>

    (b) _____

    (c) _____

4. The date upon which sentence was imposed and the terms of the sentence:

    (a) <u>Ordered deported from the U.S. to Guyana by an Immigration Judge on May 10,1999</u>

    (b) _____

    (c) _____

5. Check whether a finding of guilty was made

    (a) after a plea of guilty         /n/a/

    (b) after a plea of not guilty     /n/a/

    (c) after a plea of nolo contendre /n/a/

6. If you were found guilty after a plea of not guilty, check whether that finding was made by

    (a) a jury                         /  /

    (b) a judge without a jury         /✓/

7. Did you appeal from the judgment of conviction of conviction or the imposition of sentence?        Yes /  / No /✓/

8. If you answered "Yes" to (7), list

    (a) the name of each court to which you appealed:
    N/A

-2-

    i. _____ N/A _____

    ii. _____ N/A _____

    iii. _____ N/A _____

(b) the result in each court to which you appealed:

    i. _____ N/A _____

    ii. _____ N/A _____

    iii. _____ N/A _____

(c) the date of each such result:

    i. _____ N/A _____

    ii. _____ N/A _____

    iii. _____ N/A _____

(d) if known, citations of any written opinion or order entered pursuant to such results:

    i. APPEAL TO B.I.A. IS FUTILE BECAUSE OF CONSTITUTIONAL ISSUE.

    ii. SEE MATTER OF GONZALEZ, 21 I&N DEC. 937 (B.I.A. 1997)

    iii. MATTER OF C-, 20 I&N DEC. 529 (B.I.A. 1992)

9. State concisely all the grounds on which you base each allegation that you are being held in custody unlawfully:

    (a) THE IMMIGRATION JUDGE VIOLATED PETITIONERS DUE PROCESS RIGHTS BY DENYING HIM A BOND/BAIL

(b) THE IMMIGRATION JUDGE DENIED PETITIONER RELIEF PERSUANT TO SECTION 212(c) AND 212(h) OF THE IMMIGRATION & NATIONALITY ACT.

(c)

10. State concisely and in the same order the facts which support each of the grounds set out in (9):

(a) MANY COURTS HAVE RULED THAT DEPRIVING PERMANENT RESIDENTS LIKE PETITIONER A BOND, VIOLATES THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION. SEE AGUNOBI V. THORNBURGN, 745 F.supp. 533 (N.D. ILL.1990); SEE ALSO PAXTON V. IN.S.: 745 F supp. 1261 E.D. MICH.1990); ACCORD DEMELO V. COBB, 936 F supp. 30; CABALLERO V. CAPLINGER, 914 F supp. 1374 (E.D. 6 1996). ALL THESE FACTS, POINT TO THE FACT THAT PERMANENT RESIDENTS ARE ENTITLED TO AN INDIVIDUALIZED

RESPONSE TO QUESTION 10 CONTINUES:

bond and the absence of it violates procedural Due Process. Accord Joe V. Thornburgh; No.90-12313-2-20,1990 WL.167457 (D.Mass 1990). It is contestable that the failure of the Immigration Judge to give petitioner a bond violates his Due Process Rights.

Petitioner contends that the Illegal Immigration and Immigrant Responsibility Act (IIRIRA) is unconstitutional on it's face, And should not be applied to him in anyway what so ever. Petitioner also contends that he is entitled to 212(c) relief because IIRIRA violates his right to Equal Protection by irrationally denying relief from deportation to permanent residents alien who have committed an aggravated felony since their lawful admission to the country, while affording the opportunity for such relief to aliens who have committed an aggravated felony since their unlawful admission to the country. See Francis v.I.N.S. 532,F 2d. 268,273 (2d Cir.1976). Petitioner contends he is eligible for 212(h) waiver because the distinction drawn by congress violates Equal protection under the IIRIRA amendment to section 212(h) aggravated felons. Who are lawful residents ineligible for family hardship waiver from deportation, while aggravated felons who arrived in this country illegally remain eligible for the waiver. Petitioner came to the united States as a child and does not have any family in Guyana, and has been living in the united States since 1961.

RESPONSE TO QUESTION 10 CONTINUES:

All petitioners family are United States citizens or legal residents. he also has a 6 year old son who is also a United States citizen. Deportation would cause extreme hardship to petitioner and his family, therefore he is eligible for the 212(h) waiver. See Maria V. Mcelroy, 68 F.supp 2d. 206 (E.D.N.Y. 1999); also Francis v. I.N.S., 532, F.2d 268,273 (2d Cir 1976).

In conclusion, petitioner is respectfully requesting a AUTOMATIC STAY OF DEPORTATION pending the outcome of this Habeas Corpus and that his case be remanded back to the Immigration Judge for his 212(c) and 212(h) waiver, and bond/bail, and any other relief this court deems fair and or adequate.

Respectfully submitted

X [signature]
A#12-355-636

11. Have you previously filed petitions for habeas corpus, motions under section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction?

Yes /☐/    No /✓/

12. If you answered "Yes" to (11), list with respect to each petition, motion or application

   (a) the specific nature thereof

     i. _____ N/A _____

     ii. _____

     iii. _____

   (b) the name and location of the court in which each was filed:

     i. _____

     ii. _____

     iii. _____

   (c) the disposition thereof:

     i. _____

     ii. _____

     iii. _____

   (d) the date of each disposition:

     i. _____

     ii. _____

     iii. _____

   (e) if known, citations of any written opinions or orders entered pursuant to each such disposition:

     i. _____

     ii. _____

     iii.

13. If you did not file a motion under section 2255 of Title 28, United States Code, [or if you filed such a motion and it was denied] state why your remedy by way of such motion is inadequate or ineffective to test the legality of your dentention:

    (a)        N/A    ( SEE 9&10)

    (b)

    (c)

14. Has any ground set forth in (3) been previously presented to this or any other federal court by way of petition for habeas corpus motion under section 2255 of Title 28, United States Code, or any other petition, motion or application?

    Yes /☐/    No /✓/

15. If you answered "Yes" to (14), identify

 (a) which grounds have been previously presented:

  i. _____ N/A _____

  ii. _____ N/A _____

  iii. _____ N/A _____

 (b) the proceedings in which each ground was raised:

  i. _____ N/A _____

  ii. _____ N/A _____

  iii. _____ N/A _____

16. Were you represented by an attorney at any time during the course of

 (a) your arraignment and plea?   Yes /☐/   No /✓/ N/A

 (b) your trial, if any?   Yes /☐/   No /✓/ N/A

 (c) your sentencing?   Yes /☐/   No /✓/ N/A

 (d) your appeal, if any, from the judgment of conviction or the imposition of sentence?

    Yes /☐/   No /✓/

 (e) preparation, presentation or consideration of any petition, motion or applications with respect to this conviction, which you filed?

    Yes /☐/   No /✓/

-8-

17. If you answered "Yes" to one or more parts of (16), list

   (a) the name and address of each attorney who represented you:

   i.   N/A
        N/A

   ii.  N/A
        N/A

   iii. N/A
        N/A

   (b) the proceedings at which each attorney represented you:

   i.   N/A

   ii.  N/A

   iii. N/A

18. If you are seeking leave to proceed in forma pauperis, have you completed the sworn affidavit setting forth the required information in instructions, page 1 of this form?

                              Yes /✓/    No /  /

I, __PAUL TURPIN_____, state under
   (Print (legibly) or type full name)

penalty of perjury that the foregoing is true and correct.

Executed on  NOV, 21, 2000
             (Month) (Date) (Year)

                                              _Paul Turpin_
                                              (Petitioner)