2 TOCT

⑦
3-1-0
MA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL TURPIN,                          :

             Petitioner         :      No. 1:CV-01-0168

                            :

        v.                           :      (Judge Rambo)

                            :

IMMIGRATION AND NATURALIZATION  :

SERVICE,                              :

             Respondent         :

REC'D
FILED
HARRISBURG, PA

FEB 27 2001

MARY E. D'ANDREA, CLERK
Per
Deputy Clerk

FILED
HARRISBURG, PA

FEB 27 2001

MARY E. D'ANDREA, CLERK
Per
Deputy Clerk

**EXHIBITS**

DAVID M. BARASCH
United States Attorney

DULCE DONOVAN
Assistant United States Attorney
SHELLEY GRANT
Paralegal Specialist
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA    17108-1754
717/221-4482

Date: February 27, 2001

# **TABLE OF EXHIBITS**

U.S. Department of Justice, Immigration and Naturalization
    Service, Notice to Appear dated December 1, 1998 . . . . . . 1

Supreme Court of the State of New York, County of New York,
    Sentencing Information dated March 18, 1998 . . . . . . . 2

Order of the Immigration Judge, Case No. A12-355-636,
    dated May 10, 1999 . . . . . . . . . . . . . . . . . . . 3

Report of R. Claude, Case No. A12-355-636, dated July 11,
    2000 . . . . . . . . . . . . . . . . . . . . . . . . . . 4

State of New York, Custodial Transfer Information dated
    July 10, 2000 . . . . . . . . . . . . . . . . . . . . . 5

Letter from Donovan Jenkinson, Deportation Officer, Pike
    County Jail, dated January 8, 2001 . . . . . . . . . . . 6

Notice to Alien of File Custody Review dated January 18,
    2001 . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Post Order Custody Review Worksheet for File Review
    and/or Interview, review date February 26, 2001 . . . . . 8

**TAB - 1**

**U.S Department of Justice**
**Immigration and Naturalization Service**                    Notice to Appear

**In removal proceedings under section 240 of the Immigration and Nationality Act**

|  | |
|---|---|
| File No: | A12355636 |
| DIN No. | 98R2396 |

*EPR;* 11/17/99

In the Matter of:

| Respondent: | TURPIN | Paul | | Frederick |
|---|---|---|---|---|
| A/K/A | TURPIN | Paul | currently residing at: | |

Mid-State Correctional Facility                    P.O. Box 216

P.O. Box 216                    Marcy, NY 13403-0216

(Number, street, city, state and ZIP code)            (Area code and phone number)

[ ]    1. You are an arriving alien.

[ ]    2. You are an alien present in the United States who has not been admitted or paroled.

[X]    3. You have been admitted to the United States, but are deportable for the reasons stated below.

*5-10-99*

The Service alleges that you:

**1    You are not a citizen or national of the United States.**    *(Not a derivative citizen*

**2    You are a native of    Guyana**                    **and a citizen of**

**Guyana**
**SEE ATTACHED I-831 FOR CONTINUED ALLEGATIONS**

On the basis of the foregoing, it is charged that you are subject to removal from the United States
pursuant to the following provision(s) of law:

**SEE ATTACHED I-831 FOR CHARGES**

[ ]        This notice is being issued after an asylum officer has found that the respondent has demonstrated
a credible fear of persecution.

[ ]        Section 235(b)(1) order was vacated pursuant to:        [ ] 8 CFR 208.30(f)(2)        [ ] 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
The Office of the Immigration Judge  Executive Office for Immigration Review

Immigration Court, N.Y. Dept. of Correctional Services        Berme Road, P.O. Box 800, Napanoch , N.Y. 12458-0800

(Complete Address of Immigration Court, Including Room Number, if any)

on        TO BE SCHEDULED                    to show why you should not be removed from the United States

(Date)                    (Time)

based on the charge(s) set forth above.

(Signature and Title of Issuing Officer)
Institution Hearing Program Director

Date:        Dec. 01, 1998

NYC  IHP DO, NEW YORK, NEW YORK

(City and State)

Form I-862(Rev. 4/1/97)

 

## Notice to Respondent

* Warning: Any statement you make may be used against you in removal proceedings.

* Alien Registration: This copy of the Notice to Appear served upon you is evidence of your alien registration
while you are under removal proceedings. You are required to carry it with you at all times.

* Representation: If you so choose, you may be represented in this proceeding, at no expense to the Government,
by an attorney or other individual authorized and qualified to represent persons before the Executive Office
for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier
than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified
attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

* Conduct of the hearing: At the time of your hearing, you should bring with you any affidavits or other documents
which you desire to have considered in connection with your case. If any document is in a foreign language, you
must bring the original and a certified English translation of the document. If you wish to have the testimony
of any witnesses considered, you should arrange to have such witnesses present at the hearing.

* At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice
to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will
have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government,
to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by
the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

* You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may
appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to
make any such application to the immigration judge.

* Failure to appear: You are required to provide the INS, in writing, with your full mailing address and telephone
number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address
or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices
of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address
at which you may be reached during proceedings, then the Government shall not be required to provide you with
written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice,
or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge
in your absence, and you may be arrested and detained by the INS.

## Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period
prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before: _____    Date: _____
    (Signature and Title of INS Officer)

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on _____ ,in the following manner and in
                                                            (Date)

compliance with section 239(a)(1)(F) of the Act:

[ ]    in person    [ ] by certified mail, return receipt requested    [ ]    by regular mail    C/O Superintendent
                                                                                                    Mid-State Correctional Facility

[ ]    Attached is a list of organizations and attorneys which provide free legal services.

[ ]    The alien was provided oral notice in the    English    language of the time and place of his or her
hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____                    _____
(Signature of Respondent if Personally Served)    (Signature and Title of Officer)

Form I-862(Rev. 4/1/97)



**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form NTA

| Alien's Name | | | File Number | | Date |
|---|---|---|---|---|---|
| | TURPIN | Paul | | Frederick | |
| AKA | TURPIN | Paul | | A12355636 | Dec. 01, 1998 |

## ALLEGATIONS

3    You were admitted to the United States on or about November 12, 1961, at or near New York, New York as a Lawful Permanent Resident.

4    You were convicted of the crime of Burglary in the Third Degree, in violation of Section 140.20 of the New York State Penal law, pursuant to a judgement entered on or about march 18, 1998 by the Supreme Court of the State of New York, County of New York, under indictment number 9780-97.

5    As a result of the aforesaid conviction for Burglary in the Third Degree, you were sentenced to a term of imprisonment of at least one year.

*No appeal*

*OR to Guyana*

*Appeal*

| Signature | Title |
|---|---|
| | Institution Hearing Program Director |

Form I-831 Continuation Page (Rev. 4/1/97)

PAGE #



**U.S. Department of Justice**
Immigration and Naturalization Service                          Continuation Page for Form NTA

| Alien's Name | | | File Number | | Date |
|---|---|---|---|---|---|
| | TURPIN | Paul | | Frederick | |
| AKA | TURPIN | Paul | | A12355636 | Dec. 01, 1998 |

## CHARGE(S)

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(G) of the Act, a law relating to a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment ordered is at least one year.

| Signature | Title |
|---|---|
| | Institution Hearing Program Director |

PAGE # _____

EXHIBIT - 2

SENTENCE & COMMITMENT

SUPREME COURT OF THE ~~CITY~~
STATE OF NEW YORK:  COUNTY OF _New York_     PART _3_

The People of The State of New York

vs.     98 R     INDICTMENT NO. _9780-97_

_Paul Torpin_ 239b     SENTENCE DATE _3-18-98_

DEFENDANT     of     PRESENT HON. _Berkman_

COURT REPORTER __KIM BRANTLEY OFFICIAL COURT REPORTER__

| M | 11-28-59 | 4 | 2 | 5 | 6 | 9 | 7 | 8 | H |
|---|---|---|---|---|---|---|---|---|---|
| SEX | AGE | | | | NYSID NUMBER | | | | |

☑ THE ABOVE NAMED DEFENDANT HAVING BEEN CONVICTED OF THE FOLLOWING CRIME(S) IS HERE~~BY~~ SENTENCED TO:

☐ THE ABOVE NAMED DEFENDANT HAVING BEEN ADJUDICATED A YOUTHFUL OFFENDER FOR THE FOLLOW~~ING~~ CRIME(S) IS HEREBY SENTENCED TO:

| CRIME | SECTION & LAW | DETERMINATE TERM (YRS) | MINIMUM TERM (YRS) | MAXIMUM TERM (YRS) |
|---|---|---|---|---|
| 1. Buri 3° (ct 1) | 140.20 | | 2 | 4 |
| 2. _____ (ct ) | | | | |
| 3. _____ (ct ) | | | | |
| 4. _____ (ct ) | | | | |
| 5. _____ (ct ) | | | | |

☐ A DEFINITE TERM OF IMPRISONMENT OF: _____

☐ THE SENTENCE(S) IMPOSED HEREIN SHALL RUN:
CONCURRENTLY WITH _____
CONSECUTIVELY TO_____

☐ ALSO COVERS _____

☐ A SENTENCE OF PAROLE SUPERVISION IS DIRECTED BY THE COURT

☑ AS A ☑ (SECOND) ☐ (PERSISTENT) ☐ (VIOLENT) FELONY OFFENDER

☐ AS AN ARMED FELONY

☑ A MANDATORY SURCHARGE AND CRIME VICTIM ASSISTANCE FEE IN THE AMOUNT OF $ _155.00_ W~~HICH~~ IMPOSED AND ☐ HAS ☑ HAS NOT BEEN PAID

☐ A FINE OF $_____ AND THAT DEFENDANT BE IMPRISONED FOR A PERIOD OF _____ DA~~YS~~ OR UNTIL THE FINE IS SATISFIED

ORDERED THAT THE SAID DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY OF:

☑ THE DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK UNTIL RELEASED IN ACCOR~~D~~ ANCE WITH THE LAW, AND BEING A ☑ (MALE) ☐ (FEMALE) PERSON SIXTEEN OR OLDER THE COMMISSION~~ER~~ OF CORRECTIONS OF THE CITY OF NEW YORK IS DIRECTED TO DELIVER ☑ (HIM) ☐ (HER) TO THE CUSTO~~DY~~ OF THE NYS DEPARTMENT OF CORRECTIONAL SERVICES AS PROVIDED IN 7 NYCRR PART 103

☐ THE DEPARTMENT OF CORRECTIONS OF THE CITY OF NEW YORK BEING A ☐ (MALE) ☐ (FEMALE) PERSO~~N~~ THE COMMISSIONER OF CORRECTION OF THE CITY OF NEW YORK IS DIRECTED TO DELIVER THE PERSON ~~TO~~ THE NEW YORK CITY CORRECTIONAL INSTITUTION FOR ☐ (MEN) ☐ (WOMEN) UNTIL RELEASED IN ACCOR~~D~~ ANCE WITH THE LAW

REMARKS: _____
_____
_____

| 3-18-98 | Norman Goodman | BY | | |
|---|---|---|---|---|
| DATE | CLERK OF COURT | | SIGNATURE | TITLE |

☑ THIRD COPY FORWARDED TO BOARD OF ELECTIONS

SC.-CR-5  REV.

CORRECTION COPY

**TAB - 3**

*IMMIGRATION COURT*
*BERME ROAD   PO BOX 800*
*NAPANOCH, NY   12458*

In the Matter of
98 R 2396

*S-TURPIN, PAUL FREDERICK*
    *Respondent*

Case No.: A12-355-636

*IN REMOVAL PROCEEDINGS*

*ORDER OF THE IMMIGRATION JUDGE*

*This is a summary of the oral decision entered on May 10, 1999.*
*This memorandum is solely for the convenience of the parties.  If the*
*proceedings should be appealed or reopened, the oral decision will become*
*the official opinion in the case.*

[√]   The respondent was ordered removed from the United States to
      ~~GUYANA or in the alternative to~~

[ ]   *Respondent's application for voluntary departure was denied and*
      *respondent was ordered removed to GUYANA or in the*
      *alternative to*

[ ]   *Respondent's application for voluntary departure was granted until*
      *____ upon posting a bond in the amount of $ _____*
      *with an alternate order of removal to GUYANA.*

[ ]   *Respondent's application for asylum was ( )granted   ( )denied*
      *( )withdrawn.*

[ ]   *Respondent's application for withholding of removal was ( )granted*
      *( )denied   ( )withdrawn.*

[ ]   *Respondent's application for cancellation of removal under section*
      *240A(a) was ( )granted   ( )denied   ( )withdrawn.*

[ ]   *Respondent's application for cancellation of removal was ( ) granted*
      *under section 240A(b)(1)     ( ) granted under section 240A(b)(2)*
      *( ) denied  ( ) withdrawn.  If granted, it was ordered that the*
      *respondent be issued all appropriate documents necessary to give*
      *effect to this order.*

[ ]   *Respondent's application for a waiver under section _____ of the INA was*
      *( )granted  ( )denied  ( )withdrawn or ( )other.*

[ ]   *Respondent's application for adjustment of status under section _____*
      *of the INA was ( )granted  ( )denied  ( )withdrawn.  If granted, it*
      *was ordered that respondent be issued all appropriate documents necessary*
      *to give effect to this order.*

[ ]   *Respondent's status was rescinded under section 246.*

[ ]   *Respondent is admitted to the United States as a _____ until _____.*

[ ]   *As a condition of admission, respondent is to post a $ _____ bond.*

[ ]   *Respondent knowingly filed a frivolous asylum application after proper*
      *notice.*

[ ]   *Respondent was advised of the limitation on discretionary relief for*
      *failure to appear as ordered in the Immigration Judge's oral decision.*

[ ]   *Proceedings were terminated.*

[ ]   *Other: _____*

      *Date:  May 10, 1999*
      *Appeal: RESERVED   Appeal Due By: Jun 9, 1999*

      By alien

                                        JOE D. MILLER
                                        *Immigration Judge*

LAC

# TAB - 4

A: _12 355 636_    DATE: _07-11-200_

ACCORDING TO _1800 Voice Mail_    AT THE B

✓ NO APPEAL IS PENDING ON THIS CASE

_____ YES, AN APPEAL IS PENDING AS OF _____

_R Claude (PC)_
Name

_Rclaude_
Signature

ACCORDING TO _____    AT EOIR,

_____ NO APPEAL IS PENDING ON THIS CASE

_____ YES, AN APPEAL IS PENDING AS OF _____

_____
Name

_____
Signature

NOTES: _System does not contain any info_
_regarding an appeal on this case_

**TAB - 5**

3610-A  (REV 10/81)

**STATE OF NEW YORK**

Custodial Transfer Information
Pursuant to Section 601A Correction Law

County Of ___Oneida___ – ___NYS Docs Midstate C__

Department

Inmate Identification Data:

Date: __7/10/2000__

Name
(last,first) ___Thomas, William___

NYSID: __425 69 78H__

Date of
Birth ___11-28 59___

In Custody
Since ___4-6-1998___

MO.  DAY.  YR.    MO.  DAY.  YR.

*See medical records*

| | Known Physical or Mental Health Problems ___ Yes ___ No | | |
|---|---|---|---|
| | Immediate medical attention required | N | **Potential victim** |
| | Medication | N | **Enemies (give names and locations, if known)** |
| N | Escape/Attempted Escape/Hostage Taking | Y | **Good performance in work or program assignment** |
| N | **Assaultive toward staff/inmates** | N | Arson while in custody |
| N | **Drugs/Weapons/Other serious contraband** | N | **Restrictions on outside contacts** |
| N | **Self-injury/Self-injury attempt** | ✓ | Other X Aliases |

**Explain any item checked above to assist receiving staff to deal with inmate.**

X Aliases X Paul Turpin, Calvin Johnson
Turpin John, CHhist, Paul, Turpin Paul
Nek, Kevin      R.          INS/
Inmate will be released from Watents
Immigration 7/17/2005

| Adjustment in Confinement | Disciplinary Record Attached |
|---|---|
| ___ Good ✓ Fair ___ Poor | ___ Yes ___ No |

Prepared By:
Name: ___D Gonzalez___    Signature: ___D. Gonzalez CC___

Title: ___Correction Couns___    Telephone No.. ___(315-768-8581)___

**TAB - 6**





**U.S. Department of Justice**
**Immigration and Naturalization Service**
**Philadelphia District**

---

*Pike County Jail*
*170 Pike County Blvd.*
*Hawley, PA  18428*

*January 8, 2001*

USINS Headquarters DDP
425 "I" St. NW
Washington, DC 20536

RE:  Request for HQ assistance with Guyanese Travel Documents

We currently have three long-term TD requests pending with the Embassy of Guyana, as follows:

| A41 602 985 | Clifton SINGH | Request Sent: 8/17/00 |
| A12 355 636 | Paul TURPIN | Request Sent: 7/18/00 |
| A36 358 326 | Leon SINGH | Request Sent: 6/16/00 |

All of these TD presentations contained a copy of a birth certificate and immigrant visa showing the holder's Guyanese passport number.  Repeated telephone inquiries elicit the same response: the information was forwarded to Georgetown and they are awaiting confirmation. Vice Consul Dublin further stated that this is a *lengthy* process and could take up to one year.  She suggested that I ask the detainees if they have a passport at home, and to have a family member mail it to us.  Since a reliable truth serum has yet to be invented, this suggestion is somewhat less than helpful.  If you have any questions, please contact us at (570) 775-1545 or 1546.  Thank you for your assistance.

Sincerely,

Donovan Jenkinson
Deportation Officer
Pike County Jail

1

# DEPORTATION  WORKSHEET

A# 12 355636          12-7-2000

| Date | Time | Person Contacted ( phone # ) | Comments |
|------|------|------------------------------|----------|
| 12-7-00 | 1:30 PM | June Dublin 202-265-6900 | I spoke to Vice Consul Dublin & she tell me she still has no word on status of travel document. She is awaiting to receive approval from the main office Georgetown, Guyana |

**TAB - 7**

  

**U.S. Department of Justice**
**Immigration and Naturalization Service**

---

Paul Frederick TURPIN                        A12 355 636
00-07067
C/O Pike County Prison
Box 8601
Hawley, PA 18428

## Notice to Alien of File Custody Review

You are detained in the custody of the Immigration and Naturalization Service (INS) and you are required to cooperate with the INS in effecting your removal from the United States. If the INS has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days) of either: 1) your entering INS custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in INS custody, the INS District Director will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating by "clear and convincing evidence" that you **will not** pose a danger to the community and **will not** be a significant flight risk.

Your custody status will be reviewed on or about: <u>**February 19, 2001**</u> . The District Director may consider, but is not limited to considering the following:

1. The nature and seriousness of your criminal convictions;
2. Other criminal history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Prior immigration violations and history; and
10. Cooperation in obtaining your travel document.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf.

U.S. Department of Justice
**Immigration and Naturalization Service**
Attn: Deportation Officer
170 Pike County Blvd.
Hawley, PA 18428

### METHOD OF SERVICE

I certify that this form was provided to the alien by:              (Hand)              (Institution Mail)
( ) CC: Attorney of Record or Designated Representative
( ) CC: A-file

_____          DAVID O'NEILL          1/18/01
Signature of Officer              Print Name of Officer          Date

(Final 10/99)

ALREADY SUBMITTED

**TAB - 8**

# POST ORDER CUSTODY REVIEW WORKSHEET FOR FILE REVIEW AND/OR INTERVIEW

**Detainee Name:**          **Date of Birth:**      **"A" Number:**
                    Paul TURPIN        11/28/59        12 355 636

**AKAs:** see NCIC                **BOP Number:**

**Country of Birth:**  Guyana      **Citizenship:**  Guyana

**Date of Arrival:**    11/12/61      **Place of Arrival:**    NYC

**Manner of Arrival:**  Immigrant      **Last Date into INS Custody:**      7/17/00

**Entered INS Custody from:**          X      **Local, State, or Federal Institution**
                            ☐      **Other**

**Location:**  Ulster CF              **Institution Number:**  98-R-2396

**Immigration History:**  (Prior INS arrest[s]/parole/bond/custody information)

        Describe:

**Deportation Officer:** Joel T. Mikelson      **Date of Review:**      2/26/01

**Location Detained:**  Pike County Jail

**Deportation/Exclusion/Removal Proceedings**

**List all Charges:**    ☒    Section 237 (a)(2)(A)(iii)
                ☐    Section 212 (a)      ,      ,
                ☐    Section 241        ,      ,

☒    Under <u>Final Order</u> dated 5/10/99  by ☒ IJ  ☐ BIA  ☐ Other

☒    Appeal Waived/Appeal Time Elapsed

**Travel Document Status/History:**  7/11/00 TD requested from the Embassy of Guyana in Wash., DC, 8/3/00 Further information was sent to the embassy, 12/700 and 12/21/00 phone calls were made to the embassy.  1/8/01 a letter was sent to HQ DDP asking for assistance in obtaining the TD.  2/13/01 a follow up letter was sent to HQ DDP

## Legal Representative / Attorney

**G-28 Filed:**   ☐ Yes    ☒ No

**Notification of Interview Made:**    ☐ Yes    ☒ N/A    by:        on:

**Name of Representative / Attorney:**

**Mailing Address:**              **Telephone Number:**

**Present during interview:**          ☐ Yes    ☐ No

## Criminal History

**Outside the United States:**  none
(specify nature of crime, whether convicted, sentence imposed, date, and country)

**In the United States:**

**NCIC Checks:**          ☒ Criminal History Attached        ☐ No record Found
                              (State and Federal)

  Summary of NCIC Checks:    6/2/81 MV Violation/ no license, 4/19/84 CPCS, 5/10/84 CPCS, 6/21/84 ACPCS, 7/19/86 CPCS, 6/17/91 Burglary, 5/10/96 CPCS, 6/30/96 Poss. Burglar Tools, 9/24/96 Petit Larceny, 4/30/97 CPCS, 3/18/98 Burglary, 3/24/98 Grand Larceny

Bench Warrants issued: 7/25/78, 7/13/81, 8/22/86, 12/3/90, 2/14/91, 7/12/96 and 4/30/97

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**      ☐ Yes    ☒ No

    If Yes, List & Describe:

    Source:

**Disciplinary reports and Incidents while in INS Custody?**      ☐ Yes    ☒ No

    If Yes, List & Describe:

## Specifics of Interview

**Date of File Review:**    2/26/01

**Date of Detainee Interview:** 2/26/01

**Location of Interview:**    Pike County Jail

**Interviewing Officer:#1:**    Joel T. Mikelson DO

      #2:    (optional)

**Interpreter Used:**    ☐ Yes    ☒ No    Name:
**Language/Dialect:**

---

**Does the detainee have a place to live in the United States?**    ☒ Yes    ☐ No

    Address:    53 Chauncey St. Brooklyn, NY 11233  718 493 8302

**Is the detainee subject to any parole or probation requirements?**    ☒ Yes    ☐ No

    Describe:    Subject thinks he will be on parole until sometime in 2001

**Does the detainee have close family ties within the United States?**    ☒ Yes    ☐ No

    Describe:    His parents at the above address and a son age 6 who lives in Queens, NY

**Does the detainee have any community ties or non-governmental sponsors?**
            ☐ Yes    ☒ No
    Describe:

**Does the detainee have any employment prospects?**    ☐ Yes    ☒ No

    Describe:

**What is the detainee's employment history?**

    Describe:    subject unsure but he thinks he worked at Ralph's Tool Repair at Flatbush
& 28th St. in Brooklyn

**What is the detainee's educational level?**

    Describe:  11th grade got GED while incarcerated

**Does the detainee have any vocational training?**

    Describe:  claims to have learned floor covering while incarcerated

Page 3

## Medical/Psychological Concerns

**Medical/Psychological Report / Summary:**  ☐ Attached  ☐ None  ☒ Not Available

**Date and Source:**

**Other documentary evidence for consideration in this review:**

A letter written by Mr. Turpin

## Discussion at Interview

**Notes:** Mr. Turpin confirmed the information INS has concerning his entry into the United States. He arrived as a very young child and grew up in New York City.

He claims his first encounter with law enforcement officials occurred in 1978 or 1979 but he cannot recall the exact reason. He claimed to have been arrested around 20 times but only convicted 3 or 4 times. When confronted with a more accurate number of convictions (12), he shrugged his shoulders. When I didn't say anything he asked if I wanted an explanation. When I said yes he said he didn't have one. I asked him if the information I have is incorrect, he said it was correct.

I asked him if he has ever had a bench warrant issue for his arrest. He said 2 or 3 times when he was younger and was afraid to go to jail. He claimed they were only issued in the 80's. When I showed him the NCIC printout he said he may have had a warrant issued in 1997 for him to be sentenced in his Grand Larceny case. He actually had bench warrants issued in 1990, 1991, 1996 and, in 1997.

Mr. Turpin said he feels he has made some mistakes in the past, but INS was his wake up call. He says he has no family in Guyana and that he won't be able to make a life for himself there.

He says he want a chance to fight his case. I informed him that he had his chance in court on May 10, 1999. He said that he was not provided an attorney so that he could make informed decisions. He says he wants to take his case to federal court.

Mr. Turpin said he doesn't want to go to Guyana, but if he is made to go he will go.

The INS detainee was found ☐ **CREDIBLE**    ☒ **NOT CREDIBLE**

**Explain:** Mr. Turpin was not found to be credible.  When asked about his criminal history he would give answers leaving out pertinent information.  He tried to down play his criminal behavior.

## Officer Comments/Analysis & Recommendation

Mr. Turpin is a native and citizen of Guyana, who entered the United States on or about November 12, 1961 at or near New York, NY as an immigrant.

Mr. Turpin's first contact with law enforcement was on 7/6/78, when he was arrested for Jostling. Since then he has had atleast 12 convictions mostly for drug violations or burglary type crimes. He has had to have bench warrants issued on atleast 7 times to insure his appearance in court.  In efforts to mislead law enforcement officials he has used 12 different names, 10 dates of birth, 5 places of birth and, 8 social security numbers.

While I do not find Mr. Turpin to be a danger to the community I find he poses a danger to the communities' property, because of his numerous theft-related convictions.  More over his propensity to commit crimes could possibly lead to even more serious crimes.

I recommend that Mr. Turpin remain in INS custody.

Joel T. Mikelson  DO                          2/26/01
Interviewing Officer #1:                       Date:

Interviewing Officer #2:                       Date:
(optional)

Reviewed by:                                   Date:

**Page 5**

# DISTRICT DIRECTOR'S CUSTODY DETERMINATION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

      Bond Amount: _____

☐    CONTINUE IN CUSTODY / SCHEDULE FOR REVIEW IN SIX MONTHS

Comments (attach additional sheet(s) if necessary):

INS District Office: _____

Signature of District Director: _____    Date: _____

# HEADQUARTER'S REVIEW OF CONTINUED DETENTION

| Reviewing Officers | Concur | Reconsider | Date |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| (Name, Title, Signature) | | | |
| _____ | _____ | _____ | _____ |
| (Name, Title, Signature) | | | |
| _____ | _____ | _____ | _____ |
| (Name, Title, Signature) | | | |

For comments, please refer to the "Headquarters Post Order Custody Review" form.

(Final 10/99)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL TURPIN, | : | |
| Petitioner | : | No. 1:CV-01-0168 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| IMMIGRATION AND NATURALIZATION | : | |
| SERVICE, | : | |
| Respondent | : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 27th day of February, 2001, she served a copy of the attached

### EXHIBITS

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S):

Paul Turpin
A No. 12-355-636
Pike County Jail
H.C. 8 Box 8601
Hawley, PA 18428

*Shelley Grant*

SHELLEY GRANT
Paralegal Specialist