IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL TURPIN,
*Petitioner*

v.

IMMIGRATION and NATURALIZATION
SERVICE,
*Respondent*

Civil No. 1:01-CV-0168

(Judge Rambo)

**AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

AND NOW comes the petitioner, Paul Turpin, who files this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, and avers in support of his petition as follows:

1. I, Paul Turpin, am an inmate at the Pike County Jail.

2. I am in the custody of the Immigration and Naturalization Service.

3. I believe that I am held in custody in violation of the due process and equal protection components of the Fifth Amendment of the United States Constitution.

4. I seek a writ of habeas corpus, releasing me from prison and staying my removal from the United States.

5. I was born on November 28, 1959.

6. My parents, who were citizens of the Republic of Guyana, brought me to the United States in 1961.

7. I am a lawful, permanent resident of the United States.

8. My parents, John and Sheila Turpin, are naturalized citizens of the United States; they live in Brooklyn, New York, at 53 Chauncey Street.

9. My son, Pharaoh Turpin, is an American citizen born in the United States on May 18, 1995; he lives with his mother in Queens, New York at 130-13 135th Place.

10. In March of 1998, I was sentenced in New York to a minimum of two years imprisonment on a state charge of burglary in the third degree.

11. I admit that my conviction for burglary in the third degree qualifies as an aggravated felony under the Immigration and Nationality Act (INA).

12. On December 1, 1998, the Immigration and Naturalization Service instituted proceedings to remove me from the United States.

13. On May 10, 1999, an immigration judge ordered me removed from the United States to Guyana.

14. The removal order became final on June 9, 1999.

15. On July 17, 2000, I was released from state custody and I was taken into the custody of the Immigration and Naturalization Service.

## I. **Indefinite Detention**

16.    Despite requests by the United States Government, the Republic of Guyana has failed to issue the documents necessary for my removal to Guyana.

17.    I believe it is unlikely that the Republic of Guyana will facilitate my removal at any time in the foreseeable future.

18.    It is been nearly two years since June 9, 1999, the date my removal order became final.

19.    On July 17, 2001, I will have been in the custody of the Immigration and Naturalization Service for a period of one year.

20.    I believe that my indefinite detention in the custody of the Immigration and Naturalization Service violates my right to due process under the Fifth Amendment of the United States Constitution.

## II. **Equal Protection**

21.     United States immigration law provides for a "family hardship waiver," whereby the Attorney General may waive removal where removal results in extreme hardship to a United States citizen who is a spouse, parent, son, or daughter of the alien. See 8 U.S.C. §1182(h)(1)(B).

22.     A recent amendment to §212(h) of the Immigration and Nationality Act provides that if a permanent lawful resident is convicted of an aggravated felony, he is ineligible for the family hardship waiver; by contrast, if an illegal alien is convicted of aggravated felonies, he retains his eligibility for the family hardship waiver. See 8 U.S.C. §1182(h).

23.     Because I am a legal resident alien, I am not eligible to apply for the family hardship waiver; if I were an illegal alien, I would be eligible to apply for the family hardship waiver.

24. I believe that by making the family hardship waiver available to illegal aliens while making it unavailable to legal aliens, Congress has created a dichotomy which is irrational and which violates my right to equal protection of the law under the Fifth Amendment of the United States Constitution.

25. Based upon extreme hardship to my son and my parents, I believe that I would have an arguably meritorious claim for a family hardship waiver if such a claim were permitted under the immigration statute:

   a. My six year old son is a citizen of the United States, living in New York City.

   b. If I am deported, I will not be able to provide my son with guidance and emotional support.

   c. If I am deported, I will not be able to support my son with wages from an American job.

d. Although I would send whatever I could from my salary in Guyana, the wages in Guyana are a small fraction of American wages, and it is unlikely that I could contribute in any meaningful way to the cost of my son's upbringing.

e. My parents are citizens of the United States, living in New York City.

f. My parents, both seventy-eight years old, live on Social Security and do not have supplementary private pensions.

g. If I am deported, I will not be able to contribute to my parents' living expenses.

h. If I am deported, I will not be able to care for either of my parents if they become frail or infirm.

7

WHEREFORE, it is respectfully requested as follows:

first, that an evidentiary hearing be scheduled;

second, that the petition for writ of habeas corpus be granted, unless the Immigration and Naturalization Service produces evidence demonstrating that removal to Guyana is likely within the foreseeable future - - absent such a showing, the Immigration and Naturalization Service should be directed to release me from confinement;

third, that removal from the United States be stayed until such time as I am provided with a lawful and meaningful opportunity to petition for a family hardship waiver.

I verify, under penalty of perjury under the laws of the United States of America that the factual averments in this petition are true and correct. Executed on April 5, 2001.

_____
Paul Turpin

## CERTIFICATE OF SERVICE

I, Daniel I. Siegel, of the Federal Public Defender's Office do hereby certify that on this date I served a copy of the foregoing **AMENDED PETITION FOR WRIT OF HABEAS CORPUS** by hand delivering the same to the following:

> Dulce Donovan, Esquire
> United States Attorney's Office
> Federal Building, Room 217
> 228 Walnut Street
> Harrisburg, PA  17108

and by placing the same in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

> Paul Turpin
> Pike County Jail
> HC 8, Box 8601
> Hawley, PA 18428

Date: April 6, 2001

DANIEL I. SIEGEL, ESQUIRE
Asst. Federal Public Defender
Attorney for Paul Turpin