**ORIGINAL**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL TURPIN,                     )   Civil No. 1:CV-01-0168
                                 )
        Petitioner,              )
                                 )   (Judge Rambo)
        v.                       )
                                 )
IMMIGRATION & NATURALIZATION     )
SERVICE,                         )
                                 )
        Respondent.              )

FILED
HARRISBURG, PA
JUN 0 8 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

---

### RESPONDENT'S SUPPLEMENTAL RESPONSE TO PETITION FOR A WRIT OF HABEAS CORPUS

---

STUART E. SCHIFFER
Acting Assistant Attorney General
Civil Division

EMILY ANNE RADFORD
Assistant Director

JOSHUA E. BRAUNSTEIN
Office of Immigration Litigation
U.S. Department of Justice
Civil Division
P.O. Box 878
Ben Franklin Station
Washington, D.C.  20044

MARTIN C. CARLSON
UNITED STATES ATTORNEY

DULCE DONOVAN
Assistant U.S. Attorney
P.O. Box 11754
Harrisburg, PA 17108
(717) 221-4482

Attorneys for Appellee

## TABLE OF CONTENTS

I. INTRODUCTION .......................................... 1

II. DISCUSSION .......................................... 3

A. Drug Convictions .......................................... 4

B. Even Without His Multiple Drug Convictions Turpin Still Lacks Standing to Assert an Equal Protection Claim .......................................... 8

III. CONCLUSION .......................................... 14

## TABLE OF AUTHORITIES

### CASES

Catney v. INS,
    178 F.3d 190 (3rd Cir. 1999) ............................... 9

Hypolite v. Blackman,
    57 F. Supp. 2d 128 (M.D. Pa. 1999) ........................ 8

Jankowski v. INS,
    138 F. Supp. 2d 269, 2001 WL 376341 (D. Conn. 2001) ...... 2

Lara-Ruiz v. INS,
    241 F.3d 934 (7th Cir. 2001) ........................... 2, 5

Massieu v. Reno,
    91 F.3d 416 (3rd Cir. 1996) ............................... 2

Moore v. Ashcroft,
    -F.3d.-, 2001 WL 505732, 4 (11th Cir. 2001) ........... 2, 5

Planned Parenthood of Central New Jersey v. Farmer,
    220 F.3d 127 (3d Cir. 2000) ....................... 4, 8, 12

Steel Co. v. Citizens for a Better Environment,
    523 U.S. 83 (1998) ........................................ 4

Taveras-Lopez v. Reno,
    127 F. Supp. 2d 598 (M.D. Pa 2000) ........................ 7

United States v. Ben Zvi,
    242 F.3d 89 (2d Cir. 2001) ................................ 8

### ADMINISTRATIVE DECISIONS

In re Battista,
    19 I. & N. Dec. 484 (BIA 1987) ............................ 9

In re Cervantes,
    Int. Dec. 3380, 1999 WL 332842 (BIA Mar. 11, 1999) .. 11, 12

### STATUTES

**The Immigration and Nationality Act of 1952 as amended:**

Section 101(a)(2),
    8 U.S.C. § 1101(a)(20) .................................... 4

Section 101(b)(1),
    8 U.S.C. § 1101(b)(1) .................................... 11

Section 201(b)(2)(A)(i),
    8 U.S.C. § 1151(b)(2)(A)(i) .............................. 10

Section 204,
    8 U.S.C. § 1154 .......................................... 10

Section 212(a)(2)(A)(i)(II)
    8 U.S.C. § 1182(a)(2)(A) .................................. 6

Section 212(h),
    8 U.S.C. § 1182(h) ................................. 1, passim

Section 212(h)(1)(A)(ii),
    8 U.S.C. § 1182(h)(1)(A)(ii) ............................. 11

Section 242(d)(1),
    8 U.S.C. § 1252(d)(1) ..................................... 2

Section 245,
    8 U.S.C. § 1255 .......................................... 10

Section 245(a),
    8 U.S.C. § 1255(a) ..................................... 9, 10

**REGULATIONS**

8 C.F.R. § 1.1(q) ............................................ 4

8 C.F.R. § 3.39 .............................................. 4

8 C.F.R. § 204.1 ............................................ 10

8 C.F.R. § 212.7 ............................................. 9

8 C.F.R. § 245.1(a) ......................................... 10

**MISCELLANEOUS**

N.Y. Penal Law § 220.00 (5) (McKinney 2000) .................. 5

Section 220.03 (McKinney 2000) ............................ 5, 6

## I. INTRODUCTION

In his Brief in Support of Amended Petition for Writ of Habeas Corpus ("Petitioner's Amended Brief"), the petitioner, Paul Turpin, raises an equal protection challenge to INA section 212(h), 8 U.S.C. § 1182(h),[1] claiming that the law is discriminatory in that it "permits illegal aliens to apply for a 'family hardship waiver,' but prohibits legal aliens from applying for the same waiver." Petitioner's Amended Brief at 4. In support of this constitutional challenge petitioner asserts that were it not for the allegedly discriminatory treatment accorded him under the statute, "he would be able to present an arguably meritorious claim for a family hardship waiver." Id. This is incorrect, and this Court should deny his petition for a writ of habeas corpus.

This Court has ordered additional briefing on the jurisdictional issues in this case. Because of some recent case law in the area of equal protection and 212(h) it is important to note - in addition to the arguments presented in the Government's previously-filed Brief - that Turpin's equal protection argument is without legal merit, and should be rejected. See Moore v. Ashcroft, -F.3d.-, 2001 WL 505732, *4 (11th Cir. 2001); Lara-Ruiz v. INS, 241 F.3d 934, 944 (7th Cir. 2001). As well, this Court

---

[1] Citations to the United States Code are to those provisions currently in force, unless indicated by a date to an earlier version of the statutes.

should reject Turpin's argument at the threshold, for lack of jurisdiction because Turpin took no appeal to the BIA, thereby failing to exhaust his administrative remedies, and depriving this Court of jurisdiction to entertain a challenge to the order of removal in his case.[2]

Even assuming that there existed no statutory bar eliminating this Court's jurisdiction, Turpin's attack on section 212(h) is irrelevant to his case because, as discussed below, he cannot show that he is otherwise eligible for a 212(h) waiver or that he has standing to even raise the issue. In addition to his conviction for an aggravated felony offense, Turpin has been convicted of at least four controlled substances offenses. These drug convictions, if charged, constitute additional grounds for Turpin's removal from the United States, and are grounds of inadmissibility that cannot be waived under section 212(h). Further, even if he were not disqualified from a 212(h) waiver of inadmissibility for his drug convictions, Turpin has not established that a visa is immediately available to him or that

---

[2] See 8 U.S.C. § 1252(d)(1). Reliance on Jankowski v. INS, 138 F.Supp.2d 269, 2001 WL 376341 (D. Conn. 2001) is misplaced because it is not binding precedent, and because Turpin's case is *not* "distinguishable from others where the petitioner entirely waived [his] right to appeal to the BIA ... [and] which ... preclude[s] jurisdiction under the exhaustion requirement over a habeas petition." Id. at *5 (citations omitted); see Massieu v. Reno, 91 F.3d 416 (3rd Cir. 1996)(holding that "[A]n order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations").

he is otherwise eligible to apply (or reapply) for adjustment of status. Accordingly, Turpin's amended petition challenging section 212(h) should be dismissed.

## II. DISCUSSION

As the Respondent explained during Oral Argument before this Court on May 16, 2001, Turpin does not have standing to raise a challenge to INA section 212(h), because the government has not erected any barrier to the group he is in (former-legal permanent residents ("LPRs")) which does not exist for any other group.[3] One principal reason exists for this conclusion. Discretionary relief from grounds of inadmissibility under section 212(h) is not available to drug offenders, LPR or non-LPR, who have one or more convictions for drug offenses, other than a single possession of a small amount of marijuana. INA § 212(h), 8 U.S.C. § 1182(h).

**A. Drug Convictions.**

---

[3] In <u>Planned Parenthood of Central New Jersey v. Farmer</u>, 220 F.3d 127, 146 (3d Cir. 2000), the Third Circuit stated:

> In order to meet the constitutional requirements of standing which emanate from Article III of the Constitution, plaintiffs are required to allege and ultimately prove that: (1) they have suffered or imminently will suffer an "injury in fact"; (2) the injury is fairly traceable to the defendant's conduct; and (3) the requested relief is likely to redress the injury.

<u>Id.</u> (citing <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 103 (1998)).

3

As discussed in the government's initial Response to the Show Cause Order ("Government Response"), filed in this Court on February 27, 2001, Turpin was found removable from the United States based upon his most recent conviction, which was for third degree burglary. Government Response at 1, Ex. 2.[4] In addition to this conviction, Turpin has been convicted of at least four offenses relating to controlled substances.[5] See Ex. 1-6. On April 30, 1997, Turpin pled guilty to and was convicted of criminal possession of a controlled substance in the seventh degree, in violation of New York Penal Law § 220.03 (McKinney 2000), for which he was sentenced to serve 7 days in jail.[6] Ex. 1, 5. This conviction followed three previous drug convictions. Ex. 1-4. On May 10, 1996, Turpin pled guilty to and was

---

[4] Turpin therefore incorrectly describes himself in his amended petition as a lawful permanent resident alien. See Petitioner's Amended Brief at 2. Turpin's legal status in the United States ended when he was ordered removed from the United States and that order became final. See 8 U.S.C. § 1101(a)(20); 8 C.F.R. §§ 1.1(q), 3.39. Because he is a *former* LPR convicted of an aggravated felony crime, Turpin is statutorily ineligible to seek a waiver of inadmissibility under section 212(h). See Moore v. Ashcroft, -F.3d-, 2001 WL 505732, *4 (11th Cir. 2001); Lara-Ruiz v. INS, 241 F.3d 934, 944 (7th Cir. 2001).

[5] In support of these convictions the Respondent has included original, certified copies of Certificates of Disposition and arrest reports (the former being proffered to prove the existence of the conviction and the latter only to show the context of the arrest).

[6] This offense, by its definition does not include marijuana. See N.Y. Penal Law § 220.00 (5) (McKinney 2000). Thus, Turpin's convictions are all for drugs other than marijuana.

4

convicted of criminal possession of a controlled substance in the seventh degree, in violation of New York Penal Law § 220.03 (McKinney 2000), for which he was sentenced to serve 10 days in jail.[7] Ex. 2. Additionally, on April 19, 1984, Turpin pled guilty to and was convicted of criminal possession of a controlled substance in the fifth degree, a felony, in violation of New York Penal Law § 220.06 (McKinney 2000), for which he was sentenced to 1-3 years in jail. Ex. 3, Ex. 7. Turpin also pled guilty to and was convicted of criminal possession of a controlled substance in the seventh degree, also on April 19, 1984, in violation of New York Penal Law § 220.03 (McKinney 2000), for which he was sentenced to serve 90 days in jail. Ex. 4.

Section 212(h) of the INA states in pertinent part:

> The Attorney General may, in his discretion, waive the application of subparagraphs (A)(i)(I), (B), (D), and (E) of subsection (a)(2) and subparagraph (A)(i)(II) of such subsection insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana.

INA § 212(h), 8 U.S.C. § 1182(h). Section 212(a)(2)(A)(i)(II),

---

[7] The certified copy of the arrest report lists one of Turpin's aliases as Ralph Smith. Ex. 2. This explains why Exhibit 4 pertains to "Ralph Smith" rather than Paul Turpin. The Government asserts, and Exhibit 2 supports, that "Ralph Smith," referred to in Exhibit 4, is indeed Paul Turpin, the petitioner. As discussed below, however, Turpin still fails to make out an equal protection claim whether or not this Court agrees that Ralph Smith and Paul Turpin are the same person.

5

referred to in 212(h), makes any alien ineligible for a visa or admission to the United States, i.e. inadmissible, who has been convicted of "a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21 [of the United States Code]." The statutory language is unambiguous and inflexible on this point. Thus, for *any* alien convicted of a drug offense, the Attorney General lacks statutory authority to grant a section 212(h) waiver of inadmissibility, unless the alien has only a single conviction for simple possession of 30 grams or less of marijuana. Id. As noted previously, none of the four convictions discussed above was for marijuana.

Because each conviction was for other than marijuana, each one of Turpin's convictions for a controlled substance offense on its own renders him ineligible for a 212(h) waiver. Of course, regardless of the type of drug involved the fact that he has multiple convictions for drug offenses ensures that he cannot be eligible for a 212(h) waiver. Therefore, as this Court has previously concluded in another remarkably similar case, this "equal protection claim is without merit because both an illegal alien and a lawful permanent resident are treated the same with respect to the deportation consequences of [multiple] drug [] conviction[s] - neither is eligible for discretionary relief from

removal." <u>Taveras-Lopez v. Reno</u>, 127 F.Supp.2d 598, 601 (M.D. Pa 2000). The court also concluded, "Since there is no disparate treatment between an illegal alien and the lawful permanent resident alien when it comes to a drug trafficking crime ... there is no basis for an equal protection claim." <u>Id.</u> at 607; <u>see</u> <u>also</u> <u>Hypolite v. Blackman</u>, 57 F.Supp.2d 128 (M.D. Pa. 1999)(same).

Likewise, because Turpin cannot establish that he falls within the class of aliens allegedly disadvantaged by the distinction between LPRs and non-LPRs in section 212(h), he lacks standing to assert an equal protection claim and the Court should dismiss the petition. <u>See</u> <u>Planned Parenthood</u>, 220 F.3d at 146. Turpin simply fails to demonstrate that he is likely to suffer an injury and, therefore, did not (and cannot) establish that he is reasonably likely to be a member of the purportedly disadvantaged group. <u>Id.</u>; <u>see</u> <u>United States v. Ben Zvi</u>, 242 F.3d 89, 99 (2d Cir. 2001) (holding that the potential denial of discretionary relief in possible future immigration proceedings was too speculative and abstract an injury for Article III standing).

**B.   Even Without His Multiple Drug Convictions Turpin Still  Lacks Standing to Assert an Equal Protection Claim.**

Although Turpin's criminal convictions for controlled substance offenses are dispositive of his equal protection claim, it is significant to note that even without these convictions

7

Turpin would still lack standing to raise a challenge to INA section 212(h).[8] In the context of a removal proceeding, a waiver under section 212(h) would potentially benefit an alien only if that alien had a pending, or possible, application for adjustment of status. See 8 C.F.R. § 212.7 (explaining that an application for a waiver may be filed with the "immigration judge considering the application for adjustment of status"); see also INA § 245(a), 8 U.S.C. § 1255(a)(governing adjustment of status). A valid application for adjustment of status, if granted, would provide Turpin with relief from removal by allowing him, after a finding of removability, to apply to adjust his status as a removable alien back to that of a lawful permanent resident. See, e.g., In re Battista, 19 I. & N. Dec. 484, 485 (BIA 1987). In order to adjust his status, Turpin would need to show that he is admissible to the United States (as if he were in a United States consulate seeking a visa for admission) and that he has a visa available to him or is the beneficiary of an application for a visa (filed by an eligible immediate relative) at least simultaneously with his application for adjustment and the application for the section 212(h) waiver. See INA § 245(a), 8 U.S.C. § 1255(a) (providing that an applicant may adjust his

---

[8] Turpin's reliance on Catney v. INS, 178 F.3d 190 (3rd Cir. 1999), which suggested that Turpin's claim of an equal protection claim was similar to Catney's, is unavailing. For the reasons discussed below, Turpin, unlike (perhaps) Catney, cannot make out a colorable claim for relief.

8

status only if a visa is immediately available); 8 C.F.R. § 245.1(a) (same). Turpin, however, does not assert, nor does he even allege facts supporting the possible assertion, that he is a beneficiary of a visa application filed, or to be filed, either by himself or by an immediate relative. See INA § 204, 8 U.S.C. § 1154 (describing the immigrant visa petition process); 8 C.F.R. § 204.1 (describing the immediate relative visa petition process). Without such evidence, Turpin cannot show that he is eligible to apply for adjustment of status under section 245 or is reasonably likely to fall within the class of aliens allegedly disadvantaged by the distinction between LPRs and non-LPRs in section 212(h).

For instance, although Turpin alleges he has a child who is a United States citizen, he offers no evidence that the child is qualified to even file an immediate relative petition. See, INA § 201(b)(2)(A)(i), 8 U.S.C. § 1151(b)(2)(A)(i) (requiring that children be at least 21 years of age to file immediate relative petitions). Moreover, Turpin alleges that he is the child of United States citizen parents. However, he has not alleged that he is qualified as a "child" to be eligible for an immediate relative petition based on that relationship, INA § 101(b)(1), 8 U.S.C. § 1101(b)(1) (defining "child" for immigration purposes), or that his parents have filed a petition on his behalf. In sum, Turpin, who has been found removable from the United States, has

9

not alleged that he has applied to adjust his status to that of LPR. Neither has Turpin alleged that he has had an immediate relative file a petition on his behalf for a visa. Most significantly, Turpin has not even alleged facts, which, if true would qualify him for adjustment of status. Thus, Turpin has simply not shown that he is in any way eligible to apply for a section 212(h) waiver, and he therefore lacks standing to raise a constitutional challenge to the statute.

Further, to obtain a waiver under section 212(h), Turpin would need to establish that a qualifying relative would suffer "extreme hardship" upon his removal from the United States. See INA § 212(h)(1)(A)(ii), 8 U.S.C. § 1182(h)(1)(A)(ii). But Turpin fails to provide facts supporting a possible conclusion (nor has he shown that he has provided such facts to the INS) that a qualifying relative would suffer any hardship at all, much less "extreme hardship," if he were removed from the United States.[9] Turpin averred – in the affidavit he filed with this Court in

---

[9] See In re Cervantes, Int. Dec. 3380, 1999 WL 332842 (BIA Mar. 11, 1999) (holding that that analysis of extreme hardship typically entails the examination of: the presence of lawful permanent resident or United States citizen family ties to this country; the qualifying relative's family ties outside the United States; the conditions in the country or countries to which the qualifying relative would relocate and the extent of the qualifying relative's ties to such countries; the financial impact of departure from this country; and, finally, significant conditions of health, particularly when tied to the unavailability of suitable medical care in the country to which the qualifying relative would relocate).

10

support of his Amended Petition for a Writ of Habeas Corpus – that if he is deported he will not be able to provide his six year-old son with "guidance and emotional support" or with wages from an "American job." Id. at 6. Nonetheless, Turpin does not allege that he supports the child in any way; nor does he allege that he even has any contact with his son.[10] Without such evidence, Turpin cannot demonstrate that he would satisfy the statutory prerequisites for a waiver under section 212(h).

Accordingly, Turpin does not establish that he is reasonably likely to fall within the group of aliens that he alleges are disadvantaged by the supposedly unconstitutional distinction contained in section 212(h). See Planned Parenthood, 220 F.3d at 146. He thus, lacks standing to assert an equal protection claim, and the Court must dismiss the petition. Id. Again, this Court need not even reach this issue because Turpin's criminal convictions alone render him completely without standing to raise a constitutional challenge to INA section 212(h). Id.

---

[10] Notably, when asked, Turpin could not remember the name of the last employer he had. During an interview by an immigration official the interviewer noted about Turpin's employment history, "subject unsure but he thinks he worked at Ralph's Tool Repair ... ." Government Response at Ex. 8, page 3.

11

### III.  CONCLUSION

Based on the foregoing, this Court should dismiss Turpin's petition with prejudice and all other requests for relief.

Respectfully submitted,

STUART E. SCHIFFER
Acting Assistant Attorney General
Civil Division

EMILY ANNE RADFORD
Assistant Director

Date: June ___ 2001

JOSHUA E. BRAUNSTEIN
Office of Immigration Litigation
U.S. Department of Justice
Civil Division
P.O. Box 878
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 305-0194
Facsimile: (202) 616-9777


MARTIN C. CARLSON
UNITED STATES ATTORNEY

Dated: June ___, 2001

DULCE DONOVAN
ASSISTANT U.S. ATTORNEY
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108
717/221-4482


Attorneys for Respondents

12

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL TURPIN, ) | Civil No. 1:CV-01-0168 |
| ) | |
| Petitioner, ) | |
| ) | (Judge Rambo) |
| v. ) | |
| ) | |
| IMMIGRATION & NATURALIZATION ) | |
| SERVICE, ) | |
| Respondent. ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 8th day of June 2001, she served a copy of the attached

**RESPONDENT'S SUPPLEMENTAL RESPONSE TO PETITION
FOR A WRIT OF HABEAS CORPUS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S)
Daniel Siegel, Esquire
Federal Public Defender's Office
100 Chestnut Street
Suite 306
Harrisburg, PA 17101

*Dawn L. Mayko*
Dawn L. Mayko
Legal Secretary

13