IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL TURPIN,<br>*Petitioner* | Civil No. 1:01-CV-0168 |
| v. | (Judge Rambo) |
| IMMIGRATION and NATURALIZATION SERVICE,<br>*Respondent* | |

FILED
HARRISBURG
JUN 1 2 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

## PETITIONER'S RESPONSE TO SUPPLEMENTAL BRIEF ON EQUAL PROTECTION ISSUE

AND NOW comes the petitioner, Paul Turpin, by his attorney Daniel I. Siegel of the Federal Public Defender's Office, and files Petitioner's Response to Supplemental Brief on the Equal Protection Issue.

Paul Turpin has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks release from INS detention on two grounds. First, he argues that he is being indefinitely detained in violation of the due process clause of the Fifth Amendment. Second, he argues that recent amendments to the immigration statute deny him equal protection of the law, in that Congress irrationally denied family hardship waivers to legal aliens, but permitted such waivers for illegal aliens.

Following oral argument, the government filed supplemental briefing on the equal protection issue. In conjunction with that briefing, the government has produced court records reflecting that Mr. Turpin has prior convictions for the distribution or possession of heroin and cocaine. Based upon this new evidence, the government argues that Mr. Turpin would be ineligible for a family hardship waiver even if there were no difference in the treatment of legal and illegal aliens. Because of the absence of a connection between the alleged constitutional violation and an injury to Mr. Turpin, the government argues that relief should be denied on Issue 2.

Undersigned counsel is constrained to agree with the government's analysis. Exhibits submitted by the government indeed reflect prior convictions for the possession and/or distribution of heroin and cocaine. These convictions would preclude a family hardship waiver even if the defendant *were* an illegal alien. While the dichotomy between legal and illegal aliens may indeed violate equal protection principles, there is no resulting "injury in fact" to Mr. Turpin. For this reason, the constitutional claim is not justiciable, and relief must be denied on Issue 2. The indefinite detention claim, by contrast, is ripe for disposition.

WHEREFORE, it is respectfully requested that habeas relief be granted on Issue 1, the indefinite detention claim.

Respectfully submitted,

*Daniel I. Siegel*

DANIEL I. SIEGEL, ESQUIRE
Asst. Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA  17101
Attorney for Paul Turpin
Attorney ID # 38910

## CERTIFICATE OF SERVICE

I, Daniel I. Siegel, of the Federal Public Defender's Office do hereby certify that on this date I served a copy of the foregoing **PETITIONER'S RESPONSE TO SUPPLEMENTAL BRIEF ON THE EQUAL PROTECTION ISSUE** by hand delivering the same to the following:

>Dulce Donovan, Esquire
>United States Attorney's Office
>Federal Building, Room 217
>228 Walnut Street
>Harrisburg, PA   17108

and by placing the same in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

>Paul Turpin
>Pike County Jail
>HC 8, Box 8601
>Hawley, PA 18428

Date: June 12, 2001

DANIEL I. SIEGEL, ESQUIRE
Asst. Federal Public Defender
Attorney for Paul Turpin