IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL TURPIN, : CIVIL NO.1:CV-01-0168
    Petitioner :
    v. :
IMMIGRATION and NATURALIZATION :
SERVICE, :
    Respondent :

**FILED
HARRISBURG, PA
JUL 0 2 2001
MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK**

## MEMORANDUM and ORDER

The background of this order is as follows: On January 18, 2001, *pro se* Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Southern District of New York. On January 18, 2001, the Southern District of New York transferred Petitioner's habeas petition to this court and also ordered that Petitioner's removal or deportation be stayed until further order of this court. (Doc. 1, Original File, Transfer Order at 2.) On February 7, 2001, this court ordered Respondent to show cause why relief should not be granted. On February 27, 2001, Respondent filed a response to the show cause order. On March 8, 2001, Petitioner requested the court to appoint counsel to represent him, which the court granted on March 13, 2001. On April 6, 2001, Petitioner filed an amended petition for writ of habeas corpus setting forth two grounds for relief: first, that Petitioner's prolonged detention pending removal to the Republic of Guyana violated his right to due process under the Fifth Amendment, and second, that not permitting him the opportunity to file for a "family hardship waiver" under § 212(h), because he was a deportable alien, violated his right to equal protection.

The court conducted oral argument on the equal protection issue on May 16, 2001. However, at argument Respondent indicated that Petitioner's prior drug convictions would preclude a "family hardship waiver" whether he was a deportable alien or an excludable alien, thus there could be no equal protection cause of action. Consequently, the court ordered Respondent to supplement the record with evidence of Petitioner's prior convictions. On June 8, 2001, Respondent filed a supplemental response to petition for writ of habeas corpus, as well as exhibits documenting Petitioner's prior convictions. On June 12, 2001, Petitioner filed a response to supplemental brief on equal protection issue in which he concedes that because his prior convictions would preclude a "family hardship waiver" regardless of what status of alien he was, his equal protection "constitutional claim is not justiciable, and relief must be denied on [that issue.]" (Doc. 30, Pet.'s Res. to Supp. Br. on Equal Prot. Issue at 2.)

Based on the foregoing facts, the only issue before the court is whether Petitioner's continued detention pending removal violates his right to due process. As a result, the court will vacate the stay of removal or deportation issued by the United States District Court for the Southern District of New York on January 18, 2001, so that Petitioner may be removed if possible, instead of being detained.

On June 28, 2001, the United States Supreme Court decided the case of *Zadvydas v. Davis*, __S.Ct.__, 2001 WL 720662 (U.S. June 28, 2001) (Nos. 99-7791 and 00-38), in which it held that, because indefinite detention of deportable aliens would raise serious constitutional concerns, the I.N.S. may detain such aliens only for a "reasonable time" pursuant to 8 U.S.C. § 1231(a)(6). The Court further held that a "presumptively reasonable period of detention" is six months; and therefore:

2

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6- month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 2001 WL 720662, at *15.

Petitioner in the instant case is a deportable alien who has been in Respondent's custody since July 17, 2000, when he was released from state custody. Despite requests by the Government, the Republic of Guyana has failed to issue the documents necessary for Petitioner's removal to Guyana. (See Doc. 7, Resp.'s Exs., Ex. 6.) Pursuant to the Supreme Court's direction in *Zadvydas*, because Petitioner has been in Respondent's custody for more than six months without removal, there is a presumption of no significant likelihood of Petitioner's removal in the reasonably foreseeable future that Respondent must rebut in order to continue to detain Petitioner. The court will provide Respondent a period of time to present evidence of the likelihood of removal in the reasonably foreseeable future. The court will also provide Petitioner with a period of time to present evidence which demonstrates that his presence at the moment of removal is assured. *Zadvydas*, 2001 WL 720662, at *14.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1) The stay of removal or deportation issued on June 18, 2001, by the United States District Court for the Southern District of New York is vacated.

2) Respondent shall submit to the court within twenty (20) days of the date of this order evidence of the likelihood of Petitioner's removal in the reasonably foreseeable future.

3) Petitioner shall submit to the court within twenty (20) days of the date of this order evidence which demonstrates that his presence at the moment of removal is assured.

SYLVIA H. RAMBO
United States District Judge

Dated: July 2, 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

July 2, 2001

Re:  1:01-cv-00168   Turpin v. Immigration and Natu

True and correct copies of the attached were mailed by the clerk to the following:

Paul Turpin
CTY-PIKE
HC 8, Box 8601
Hawley, PA  18428-8610

Daniel Isaiah Siegel, Esq.
100 Chestnut St.
Suite 306
Harrisburg, PA  17101

Dulce Donovan, Esq.
U.S. Attorney's Office
228 Walnut Street
P.O. Box 11754
Harrisburg, PA  17108

Joshua E. Braunstein, Esq.
U.S. Department of Justice
Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC  20044

~~David Barasch~~ M. Carlson
United States Attorney's Office
Room 217, Federal Building & Court House
228 Walnut Street
Harrisburg, PA  17108

```
cc:
Judge                          ( )              ( ) Pro Se Law Clerk
Magistrate Judge               ( )              ( ) INS
U.S. Marshal                   ( )              ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to: US Atty Gen   ( )   PA Atty Gen ( )
                                       DA of County  ( )   Respondents ( )
Bankruptcy Court               ( )
Other_____    ( )
```

MARY E. D'ANDREA, Clerk

DATE: 7/2/0̸1

BY: /s/
Deputy Clerk