IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL TURPIN,<br>*Petitioner* | Civil No. 1:01-CV-0168 |
| v. | (Judge Rambo) |
| IMMIGRATION and NATURALIZATION SERVICE,<br>*Respondent* | |

**PETITIONER'S MEMORANDUM IN RESPONSE
TO RESPONDENT'S MOTION OF JULY 23, 2001**

On July 23, 2001, the Immigration and Naturalization Service filed "Respondent's Motion to Dismiss Petition for a Writ of Habeas Corpus; and Alternatively to Stay Proceedings Pending Administrative Review of Petitioner's Detention Pursuant to New Interim Procedures and to Vacate July 2, 2001, Order." The INS seeks to continue petitioner's incarceration based upon the application of pre-existing regulations, temporary regulations, and regulations which may be promulgated in the future. In presenting these arguments, the INS fails to consider the source of law which is controlling in this case -- the Constitution of the United States, as interpreted and applied by the Supreme Court.

In <u>Zadvydas v. Davis</u>, 121 S.Ct. 2491 (U.S. 2001), the Supreme Court held that the due process clause of the Fifth Amendment protects against indefinite detention of aliens. The <u>Zadvydas</u> court established a detailed procedure for handling cases such as the instant case. Consistent with the directions of the Supreme Court, this Court issued its Memorandum and Order of July 2, 2001, and in that order placed certain responsibilities on both the petitioner and the respondent. The respondent was ordered to submit to the Court within 20 days "evidence which demonstrates that his presence at the moment of removal is assured." The respondent was ordered to submit within 20 days "evidence of the likelihood of Petitioner's removal in the reasonably foreseeable future."

Petitioner has met his responsibilities under the District Court's Order of July 2, 2001. He has submitted an unsworn verification setting forth his family ties, his intention to seek employment, and his place of residence at such time as he may be released. The INS, by contrast, has not even attempted to meet its responsibilities under the District Court's Order. The INS has not submitted evidence which demonstrates the likelihood of petitioner's removal in the reasonably foreseeable future. Neither has the INS explained its failure to provide the information directed by the district court's order. In essence, the INS seeks to

avoid the district court's application of the clear and simple procedures set forth by the Supreme Court in <u>Zadvydas</u>.

The Supreme Court's decision in <u>Zadvydas</u> represents the supreme law of the land. The Supreme Court's command cannot be avoided, even by the Immigration and Naturalization Service. Because the INS has not met its burden of proof under <u>Zadvydas</u>, and because the petitioner has provided good cause to believe that his presence at the moment of removal is assured, this court should grant habeas corpus relief.

Respectfully submitted,

DATE: June 24, 2001

DANIEL I. SIEGEL, ESQUIRE
Asst. Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
Attorney for Paul Turpin
Attorney ID # 38910

3

## CERTIFICATE OF SERVICE

I, Daniel I. Siegel, of the Federal Public Defender's Office do hereby certify that on this date I served a copy of the foregoing **Petitioner's Memorandum in Response to Respondent's Motion of July 23, 2001** by hand delivering the same to the following:

> Dulce Donovan, Esquire
> United States Attorney's Office
> Federal Building, Room 217
> 228 Walnut Street
> Harrisburg, PA   17108

and by placing the same in the United States mail, first class in Harrisburg, Pennsylvania, addressed to the following:

> Joshua E. Braunstein
> Office of Immigration Litigation
> U. S. Department of Justice - Civil Division
> P. O. Box 878
> Ben Franklin Station
> Washington, D.C.   20044
>
> Paul Turpin
> Pike County Jail
> HC 8, Box 8601
> Hawley, PA 18428

Date: June 24, 2001

DANIEL I. SIEGEL, ESQUIRE
Asst. Federal Public Defender
Attorney for Paul Turpin