*See attach*

(36)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL TURPIN, : CIVIL NO.1:CV-01-0168

    Petitioner :

v. : **FILED**
: HARRISBURG

IMMIGRATION and NATURALIZATION :
SERVICE, : JUL 25 2001

    Respondent : MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## MEMORANDUM and ORDER

### Background

    The pertinent background of this order is as follows: On January 18, 2001, *pro se* Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Southern District of New York. On January 18, 2001, the Southern District of New York transferred Petitioner's habeas petition to this court and also ordered that Petitioner's removal or deportation be stayed until further order of this court. (Doc. 1, Original File, Transfer Order at 2.) On April 6, 2001, Petitioner filed an amended petition for writ of habeas corpus setting forth two grounds for relief: first, that Petitioner's prolonged detention pending removal to the Republic of Guyana violated his right to due process under the Fifth Amendment, and second, that not permitting him the opportunity to file for a "family hardship waiver" under § 212(h) because he was a deportable alien, violated his right to equal protection. On June 12, 2001, Petitioner filed submission in which he concedes that because his prior convictions would preclude a "family hardship waiver" regardless of what status of alien he was, his equal protection "constitutional claim is not

justiciable, and relief must be denied on [that issue.]" (Doc. 30, Pet.'s Res. to Supp. Br. on Equal Prot. Issue at 2.)

Based on the foregoing facts, on July 2, 2001, the court: (1) explained that the only remaining issue is whether Petitioner's continued detention pending removal violates his right to due process; (2) vacated the stay of removal or deportation issued by the United States District Court for the Southern District of New York; (3) ordered Respondent to submit to the court evidence of the likelihood of Petitioner's removal in the reasonably foreseeable future; and (4) ordered Petitioner to submit to the court evidence which demonstrates that his presence at the moment of removal is assured.

On July 23, 2001, Petitioner complied with the court order of July 2, 2001, by filing a response which includes an unsworn verification by Petitioner setting forth his family ties, his intention to seek employment, and his place of residence at such time as he may be released. (Doc. 33, Pet.'s Res. to Court Order.) Also on July 23, 2001, Respondent filed a motion to dismiss the petition for writ of habeas corpus, or alternatively to stay proceedings pending an administrative review of Petitioner's detention. (Doc. 32, Resp.'s Mot to Dism.) Respondent has not filed any evidence in response to the court's order of July 2, 2001, relevant to the likelihood of Petitioner's removal in the reasonably foreseeable future. On July 24, 2001, Petitioner filed a memorandum in response to Respondents's motion to dismiss, arguing that the petition for writ of habeas corpus should be granted because Respondent has not adduced evidence that Petitioner's removal is likely in the foreseeable future, as ordered by the court.

2

## Discussion

On June 28, 2001, the United States Supreme Court decided the case of *Zadvydas v. Davis*, 121 S.Ct. 2491, __ U.S. __ (2001), in which it held that, because indefinite detention of deportable aliens would raise serious constitutional concerns, the I.N.S. may detain such aliens only for a "reasonable time" pursuant to 8 U.S.C. § 1231(a)(6). The Court further held that a "presumptively reasonable period of detention" is six months; and therefore:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* at 2505.

Petitioner in the instant case is a deportable alien who has been in I.N.S. custody since July 17, 2000, when he was released from state custody. Therefore, by January 18, 2001, when the District Court for Southern District of New York ordered that Petitioner's removal be stayed and transferred Petitioner's habeas petition to this court, Petitioner had already been in the custody of the I.N.S. for over six months. Thus, the 6-month presumptively reasonable detention period had already ended when Petitioner filed his petition for writ of habeas corpus. In his amended petition for writ of habeas corpus, Petitioner states: "Despite requests by the United States Government, the Republic of Guyana has failed to issue the

3

documents necessary for my removal to Guyana. . . . It is [sic] been nearly two years since June 9, 1999, the date my removal order became final." (Doc. 14, Amend. Pet. for Writ. of Habeas Corpus at 4.) Therefore, the court finds that the end of the 6-month period and Petitioner's "provid[ing] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," *Zadvydas*, 121 S.Ct. at 2505, require "the Government [to] respond with evidence sufficient to rebut that showing." *Id.* The court's order of July 2, 2001, required Respondent to present precisely this evidence. Respondent failed to supply any evidence, and the response is unacceptable.

Instead of presenting evidence to the court which might aid the court in deciding whether Petitioner's removal is likely in the reasonably foreseeable future, Respondent urged the court to delay the decision until Respondent had made its own identical finding, followed by additional time periods for Petitioner and Respondent to further argue the issue. (Resp.'s Mot to Dism. at 13-15.) Alternatively, Respondent urged the court to dismiss Petitioner's habeas petition, contending that the prior 6-month period of inactivity by Respondent should be ignored, and the clock counting the 90-day removal period and 6-month presumptively reasonable detention period should commence anew as of July 2, 2001, when this court vacated the stay of removal put in place by the District Court for the Southern District of New York on January 18, 2001. However, these requests ignore the critical fact that Petitioner had already been held in custody by the I.N.S. for over six months, before the stay was effected. Furthermore, during the several months while the stay was effective, Respondent could have made further arrangements to expedite removal in the event that the stay was lifted. Respondent has presented no evidence to the court

4

demonstrating that it has made any efforts to facilitate removal during the period that the stay was in place or even since it was lifted.[1] The court will allow Respondent an additional time period to comply with this court's direction, as well as the Supreme Court's direction, to submit evidence of the likelihood of Petitioner's removal in the reasonably foreseeable future.

**Order**

In accordance with the foregoing, **IT IS HEREBY ORDERED THAT**:

1) Respondent's motion to dismiss the petition for writ of habeas corpus (Doc. 32) is **DENIED**.

2) Respondent shall submit to the court within twenty (20) days of the date of this order evidence of the likelihood of Petitioner's removal in the reasonably foreseeable future.

_____
YVETTE KANE
United States District Judge
on behalf of Judge Rambo

Dated: July 25, 2001.

---

[1] The court is further perplexed by additional inaction by Respondent. In its motion to dismiss, Respondent indicates that habeas petitions are treated as requests for I.N.S. "likelihood of repatriation" analyses and normally cause the I.N.S. to initiate a review and respond in writing to the petitioner within 30 days indicating whether it feels that removal is likely in the reasonably foreseeable future. (Resp.'s Mot to Dism. at 13.) However, in the case *sub judice*, Respondent asserts that it would normally treat Petitioner's habeas petition as such, but it did not in this case because he is within the 90 day removal period and the six-month presumptively reasonable detention period. (*Id.* at 13 n.5.) At the time Petitioner filed his habeas petition, however, he had already been in I.N.S. custody for over six months, and thus any 90-day or six-month period would have already expired. The court fails to comprehend how a stay of removal, put in place after six months of detention and after a habeas petition was filed, should mandate that Respondent abandon its responsibility to consider the likelihood of Petitioner's removal in the future.

5

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

July 25, 2001

Re:   1:01-cv-00168   Turpin v. Immigration and Natu

True and correct copies of the attached were mailed by the clerk to the following:

```
Paul Turpin
CTY-PIKE
HC 8, Box 8601
Hawley, PA  18428-8610

Daniel Isaiah Siegel, Esq.
100 Chestnut St.
Suite 306
Harrisburg, PA  17101

Dulce Donovan, Esq.
U.S. Attorney's Office
228 Walnut Street
P.O. Box 11754
Harrisburg, PA  17108

Joshua E. Braunstein, Esq.
U.S. Department of Justice
Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC  20044

David Barasch
United States Attorney's Office
Room 217, Federal Building & Court House
228 Walnut Street
Harrisburg, PA  17108
```

```
cc:
Judge                           (✓)              ( ) Pro Se Law Clerk
Magistrate Judge                ( )              ( ) INS
U.S. Marshal                    ( )              ( ) Jury Clerk
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   ( )
Federal Public Defender         ( )
Summons Issued                  ( ) with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( ) with Petition attached & mailed certified mail
                                    to:  US Atty Gen   ( )   PA Atty Gen ( )
                                         DA of County  ( )   Respondents ( )
Bankruptcy Court                ( )
Other_____   ( )
                                                   MARY E. D'ANDREA, Clerk

DATE: 7/25/01                                      BY: _____
                                                        Deputy Clerk
```