UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL TURPIN, | ) Civil No. 1:CV-01-0168 |
| Petitioner, | ) |
| | ) (Judge Rambo) |
| v. | ) |
| IMMIGRATION & NATURALIZATION SERVICE, | ) |
| Respondent. | ) |

**RESPONDENT'S MOTION TO DISMISS PETITION
FOR A WRIT OF HABEAS CORPUS FOR MOOTNESS**

**I. INTRODUCTION**

This case involves a criminal alien from Guyana who is in immigration detention pending his removal from the United States to his native country. The respondent, Immigration and Naturalization Service (INS), sent petitioner a Release Notification on August 9, 2001. Exhibit. Because petitioner will be released in a matter of days, respondent asks this Court to dismiss his petition for a writ of habeas corpus as moot.

**II. BACKGROUND**

Paul Turpin ("petitioner"), is a native and citizen of Guyana who is under a final order of removal, which resulted from his most recent conviction for third degree burglary. In a Memorandum and Order ("Order") dated July 2, 2001, this Court noted the extensive procedural background of this case, and indicated that the sole issue remaining before the Court is

whether petitioner's continued detention pending removal violates his right to due process in light of the Supreme Court's recent decision in Zadvydas v. Davis, 121 S. Ct. 2491 (2001).[1] On July 23, 2001, respondent filed a motion to dismiss the petition for a writ of habeas corpus, or alternatively to stay proceedings pending an administrative review of petitioner's detention. This court denied the motion on July 25, 2001, and ordered respondent to provide evidence within 20 days of the likelihood of petitioner's removal to Guyana in the reasonably foreseeable future.

### III. DISCUSSION

Respondent again asks this Court to dismiss the petition for a writ of habeas corpus because the petitioner has been ordered released from immigration detention, and his petition is therefore moot. See Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991). The release process began on August 9, 2001, and will be completed within about a week.[2] Because petitioner will be released on supervised parole in a matter of days, he will

---

[1] In its July 2, 2001 Memorandum and Order, the Court chronicled the procedural history of this case in detail.

[2] Undersigned counsel spoke with Joel Mikelson, Acting Supervising Detention and Deportation Officer for the Pike County INS office on August 14, 2001. Mr. Mikelson informed counsel that the release process is underway, but that it takes several days to complete necessary documentation and make logistical arrangements. He believes that the release will occur in no greater than two weeks, but that it will likely be sooner.

2

have no further stake in this litigation, as there is no reasonable expectation that he will again be subject to the immigration detention of which he complains. Picrin-Peron, 930 F.2d at 776; see also Weinstein v. Bradford, 423 U.S. 147, 148-149 (1975).[3]

**IV.  CONCLUSION**

The petition for a writ of habeas corpus should be dismissed as moot upon petitioner's release from immigration detention.

                              Respectfully submitted,

                              STUART E. SCHIFFER
                              Acting Assistant Attorney General
                              Civil Division

                              EMILY ANNE RADFORD
                              Assistant Director

                              */s/ Joshua Braunstein/DD*
                              JOSHUA E. BRAUNSTEIN
                              Office of Immigration Litigation
                              U.S. Department of Justice
                              Civil Division
                              P.O. Box 878
                              Ben Franklin Station
                              Washington, D.C.  20044
                              Telephone: (202) 305-0194
                              Facsimile: (202) 616-9777

Date: August 14, 2001          Attorneys for Respondents

---

[3] That petitioner may commit a crime or otherwise violate the conditions under which he is released pending deportation is uniquely within his own control, and does not provide grounds for maintaining this action. See 8 C.F.R. § 241(1)(2001); see also City of Los Angeles v. Lyons, 461 U.S. 95 (1983).

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL TURPIN, ) | Civil No. 1:CV-01-0168 |
| ) | |
| Petitioner, ) | |
| ) | (Judge Rambo) |
| v. ) | |
| ) | |
| IMMIGRATION & NATURALIZATION ) | |
| SERVICE, ) | |
| Respondent. ) | |

### CERTIFICATE OF CONCURRENCE

Undersigned counsel certifies that she spoke with Dan Seigel, Turpin's counsel, and that pursuant to the conditions outlined in the attached memorandum Mr. Seigel concurs in the instant motion.

Date: 8/14/01

Dulce Donovan

# ATTACHMENT 1

Memo to : Dulce Donovan

From : Dan Siegel, AFPD

Re: Paul Turpin HC case

Date: Tuesday, August 14, 2001

On behalf of Mr. Turpin, I concur with the government's motion to dismiss on the following condition: once the government submits to the district court evidence showing that Mr. Turpin has been released from prison custody, it will be proper for the court to dismiss the case on grounds of mootness. Please make the court aware of the conditional nature of concurrence. Thank you for your attention and consideration in this matter.

# EXHIBIT - 1



**U.S. Department of Justice**
Immigration and Naturalization Service

HQPDU
801 I Street NW
Washington, DC 20536

A12 355 636

Paul Turpin
Pike County Jail
Philadelphia District Office
1600 Callowhill Street
Philadelphia, PA 19130

## Release Notification

You are currently detained in the custody of the Immigration and Naturalization Service (INS). You have been ordered removed from the United States. Your removal does not appear reasonably foreseeable at this time.

Pursuant to the United States Supreme Court decisions in Zadvydas v. Davis and Ashcroft v. Ma, the INS has concluded that you will be released from INS custody pending your removal from the United States. This release does not effect your removal order and does not constitute an admission to the United States.

Your release will be subject to certain written conditions that will be provided to you shortly, and by which you must abide.

Please provide any additional information regarding potential sponsoring family members or non-governmental organizations that may be willing to assist you upon release.

It is particularly important that you keep the INS advised of your address at all times. We will continue to make efforts to obtain your travel document that will allow the United States government to carry out your removal pursuant to your order of deportation, exclusion, or removal. You are required by law to cooperate in that effort. If we are successful in obtaining those documents, you will be required to surrender to the INS for removal. You will, at that time, be given an opportunity to prepare for an orderly departure.

_____          _____8/09/01_____
Signature of HQPDU Director/Designated Representative          Date

(Page 1 of 2)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL TURPIN, | ) | Civil No. 1:CV-01-0168 |
| | ) | |
| Petitioner, | ) | |
| | ) | (Judge Rambo) |
| v. | ) | |
| | ) | |
| IMMIGRATION & NATURALIZATION | ) | |
| SERVICE, | ) | |
| Respondent. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 14th day of August 2001, she served a copy of the attached

**RESPONDENT'S MOTION TO DISMISS PETITION
FOR A WRIT OF HABEAS CORPUS FOR MOOTNESS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S)
Dan Seigel, Esquire
Federal Public Defender's Office
100 Chestnut Street
Suite 306
Harrisburg, PA 17101

Dawn L. Mayko
Legal Secretary

5